UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>Antonio Francisco MORENO-Gutierrez,<br>Uriel PARDO-Molina<br>Salvador CABANAS-Gomez<br>Marco Antonio PAREDES-Valenzuela<br>    Defendant(s) | Magistrate Case No.<br>'08 MJ 2130<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii)<br>Bringing in Illegal Aliens Without<br>Presentation |

FILED
2008 JUL 14 AM 10:42

The undersigned complainant, being duly sworn, states:

On or about **July 11, 2008**, within the Southern District of California, defendants **Antonio Francis MORENO-Gutierrez, Uriel PARDO-Molina, Salvador CABANAZ-Gomez, Marco Antonio PAREDES-Valenzuela** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Filemon JIMENEZ-Nava, Gabriella ARREOLA-Gabriel, Tomas VARGAS-Fabian, Gualterio CRUZ-Fabian, and Perla CORREA-Renteria,** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

On or about **July 09, 2008**, within the Southern District of California, defendant **Antonio Francis MORENO-Gutierrez** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien, namely, **Ivan CERVANTES-Cervantes,** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **14th** DAY OF **JULY, 2008**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Antonio Francisco MORENO-Gutierrez
Uriel PARDO-Molina
Salvador CABANAS-Gomez
Marco Antonio PAREDES-Valenzuela

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Filemon JIMENEZ-Nava, Gabriella ARREOLA-Gabriel, Tomas VARGAS-Fabian, Gualterio CRUZ-Fabian, Perla CORREA-Renteria, and Ivan CERVANTES-Cervantes** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 10, 2008, Border Patrol Agents apprehended a group of eight individuals illegally present in the United States, including one later identified as material witness CERVANTES-Cervantes, Ivan. Under oath, CERVANTES provided Border Patrol Agents G. Ballesteros and O. Ramirez with information regarding his most recent illegal entry into the United States, including a detailed description of the area he was smuggled through.

On July 11, 2008, Agents Ballesteros and Ramirez, assigned to plain-clothes enforcement, were investigating the validity of the statements made by CERVANTES on the previous day regarding the route and locations through which he was smuggled into the United States. Agents Ballesteros and Ramirez traveled eastbound along California State Route 94 in the rural eastern region of San Diego County until arriving at a location near the road with surrounding landmarks that matched the description of the area CERVANTES described that he was smuggled through. This area is located approximately one quarter mile east of the Tecate, California Port of Entry and one and a half miles north of the United States/Mexico International Boundary.

Upon investigating the area, Agent Ballesteros identified a heavily-used foot-trail with fresh pedestrian foot sign and walked north from the highway along the trail leading from the side of SR 94 down to the bottom of a canyon, north of California State Route 94. In Agent Ballesteros' past experience, alien smuggler foot-guides will lead groups of smuggled aliens along creek beds and the bottom of canyons in that area to avoid detection and apprehension by Border Patrol Agents.

Approximately 10 yards north of the highway, Agent Ballesteros observed two male individuals, including one later identified as the defendant **Uriel PARDO-Molina** sitting on a large boulder at the bottom of the canyon, approximately 65 yards north of his location. As Agent Ballesteros approached the creek bottom, and approximately 10 yards from where the two individuals sat, he noticed several legs protruding from an opening under a large boulder formation on the creek bed near the two individuals. Agent Ballesteros walked along the boulders and greeted the two individuals sitting on the rocks and the larger group of individuals concealed in the gaps between the boulders. None of the subjects appeared to be concerned by Agent Ballesteros' presence and did not seem to immediately identify Agent Ballesteros as a law enforcement officer due to his plain clothes.

Agent Ballesteros asked the group in the Spanish language if they were in need of water, food, supplies, or the authorities and was dismissed by one of the two individuals on the rocks. Though Agent Ballesteros believed the subjects were aliens illegally present in the United States, Agent Ballesteros was concerned for his safety. Agent Ballesteros slowly left the area and hiked south up the foot-trail, returning to the location where Agent Ramirez was waiting with their Bureau vehicle and relayed his observations. Agent Ballesteros

**CONTINUATION OF COMPLAINT:**
Antonio Francisco MORENO-Gutierrez
Uriel PARDO-Molina
Salvador CABANAS-Gomez
Marco Antonio PAREDES-Valenzuela

then contacted Brown Field Border Patrol Station by radio for assistance and continued to observe the bottom of the canyon where he had encountered the individuals.

After several Border Patrol Agents arrived, Agent Ballesteros and the other Agents approached the boot of the canyon near the creek bed where the individuals had been encountered. Agent Ballesteros observed six individuals attempting to abscond by crawling through the terrain westward and attempting to conceal themselves. Agent Ballesteros approached the six subjects, including **PARDO**, and identified himself as a US Border Patrol Agent, displaying his Bureau-issued Border Patrol Agent badge around his neck. Agent Ballesteros questioned the six individually as to their citizenship and immigration status. All six admitted that they were citizens and nationals of Mexico illegally present in the United States not in possession of valid documents allowing them to be in or remain lawfully in the United States. At approximately 12:57 PM, Agent Ballesteros placed all six individuals, including **PARDO,** under arrest for illegal entry into the United States.

Agent Ballesteros continued walking eastbound along the creek bed at the bottom of the canyon and approximately 20 yards east of the location where he had apprehended the six individuals, encountering ten additional individuals attempting to conceal themselves within the rocks near where Agent Ballesteros had initially encountered the larger number of individuals. Agent Ballesteros approached the individuals and identified himself as a Border Patrol Agent, displaying his Bureau issued Border Patrol badge around his neck. Agent Ballesteros questioned the ten individually as to their citizenship and immigration status. All ten admitted that they were citizens and nationals of Mexico illegally present in the United States not in possession of valid documents allowing them to be in or remain lawfully in the United States. Agent Ballesteros placed all ten under arrest for illegal entry into the United States.

Uniformed Border Patrol Agents assisted Agent Ballesteros in securing the 16 subjects and escorting them out of the canyon toward SR 94. Believing that more individuals had remained concealed near the rock formation where he had initially observed the larger group of individuals, Agent Ballesteros returned to the area to search further. Agent Ballesteros located an additional 17 individuals including 3 later identified as defendants concealed underneath a cave-like rock formation. Agent Ballesteros approached the individuals and identified himself as a Border Patrol Agent, displaying his Bureau issued Border Patrol badge around his neck. Agent Ballesteros questioned the seventeen individually as to their citizenship and immigration status. All but one of the 17 admitted they were citizens and nationals of Mexico illegally present in the United States not in possession of valid documents allowing them to be in or remain lawfully in the United States. A single female divulged to Agent Ballesteros that she in fact was a citizen of Guatemala illegally present in the United States and not in possession of valid documents allowing her to be in or remain lawfully in the United States. Agent Ballesteros placed all 17 under arrest for illegal entry into the United States. Within the group of 17 individuals were three subjects, later identified as defendants **Antonio Francisco MORENO-Gutierrez, Salvador CABANAS-Gomez, and PAREDES-Valenzuela Marco Antonio**. All 33 individuals were transported to the Chula Vista Border Patrol Station for further processing.

**DEFENDANT STATEMENT (Antonio Francisco MORENO-Gutierrez):**

The defendant was advised of his Miranda Rights and he stated that he understood his rights was willing to answer questions without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally.

CONTINUATION OF COMPLAINT:
Antonio Francisco MORENO-Gutierrez
Uriel PARDO-Molina
Salvador CABANAS-Gomez
Marco Antonio PAREDES-Valenzuela

When questioned as to his involvement in this alien smuggling event, the defendant denied being involved in the smuggling of aliens. The defendant further stated he was smuggled in a group of approximately twenty people, that the group contained three or four foot-guides, and that the group was divided into two separate groups.

### DEFENDANT STATEMENT (Uriel PARDO-Molina):

The defendant was advised of his Miranda Rights and he stated that he understood his rights was willing to answer questions without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally.

When questioned as to his involvement in this alien smuggling event, the defendant denied being involved in the smuggling of aliens from Mexico into the United States. The defendant stated his intended destination was Los Angeles, California where he intended to reside with his uncle. The defendant stated his cousin made the smuggling arrangements for him and that she agreed to pay $2000.00 U.S. dollars for him to be smuggled. When asked to provide contact information for his cousin, the defendant stated he could not provide contact information.

### DEFENDANT STATEMENT (Salvador CABANAS-Gomez):

The defendant was advised of his Miranda Rights and he stated that he understood his rights was willing to answer questions without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally.

When questioned as to his involvement in this alien smuggling event, the defendant denied being a foot guide. The defendant claimed that he was paying to be smuggled in. The defendant stated he had a friend by in Los Angeles that he was going to stay with. When asked about the phone number of his friend, the defendant was not able to provide it. The defendant further stated his uncle was a going to pay $2500.00 U.S. Dollars to individuals by an individual named "Elias" and another individual known as "Chalino". The defendant stated he did not have the number to contact his uncle to confirm his claim.

### DEFENDANT STATEMENT (Marco Antonio PAREDES-Valenzuela):

The defendant was advised of his Miranda Rights and he stated that he understood his rights was willing to answer questions without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally.

With regards to his involvement in this alien smuggling event, the defendant denied being involved in the smuggling of aliens. The defendant stated he entered the United States with approximately 10-12 other individuals. The defendant advised his final destination was Los Angeles, California where he intended to reside. When asked about the person who was to pay for his smuggling fee, the defendant stated his uncle was his United States sponsor. When asked for his uncle's telephone number, the defendant did not know the number. When confronted with this discrepancy, the defendant admitted to being one of the foot-guides. The defendant stated he was to receive $100.00 U.S dollars per undocumented alien.

**CONTINUATION FORM:**
**Antonio Francisco MORENO-Gutierrez**
**Uriel PARDO-Molina**
**Salvador CABANAS-Gomez**
**Marco Antonio PAREDES-Valenzuela**

The defendant admitted having been successful on smuggling undocumented aliens on three previous occasions. On each occasion, he smuggled seven undocumented aliens. The defendant stated that the groups are smuggled through the east side of the Tecate, California Port of Entry. Once the undocumented aliens are smuggled into the United States, they are guided to the cave where they were arrested in today's incident. The cave is the staging point where the load vehicles later arrive to load the undocumented aliens and transport them to the next pre-designated location.

When presented with the 33 Polaroid photographs depicting all the people arrested from the cave, the defendant identified photograph #23 as one of the other alien smuggling foot-guides. The defendant stated the person on photograph #23 is always in front of the groups when they cross into the United States. Photograph #23 depicts defendant **Salvador CABANAS-Gomez.**

The defendant also identified from the same stack of 33 Polaroid photographs the photograph numbered #22 as another alien smuggling foot-guide he knows as "Chukis". Photograph #22 depicts defendant **Uriel PARDO-Molina.**

## MATERIAL WITNESSES STATEMENTS:

Material Witnesses **Filemon JIMENEZ-Nava, Gabriella ARREOLA-Gabriel, Tomas VARGAS-Fabian, Gualterio CRUZ-Fabian, Perla CORREA-Renteria, and Ivan CERVANTES-Cervantes** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they did not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Baja California, Mexico to be smuggled into the United States. All of the material witnesses stated that they were to pay between $2,000.00 and $3,000 U.S. dollars to be smuggled to various parts of California. All of the material witnesses stated that foot guides led them across the border. All of the material witnesses described the terrain as dangerous and were unprepared for the long and arduous hike through the mountains. Material witnesses ARREOLA, VARGAS, and CRUZ stated that they feared for their life. When shown an array of 33 Polaroid photographs depicting all individuals arrested, Material witnesses JIMINEZ, ARREOLA, and VARGAS were able to identify defendant **MORENO** as a foot guide. Material witnesses VARGAS and CRUZ were able to identify **PARDO** and **CABANAS** as foot guides. Material witness CORREA was able to identify **PAREDES** as a foot guide. Material Witness CERVANTES was able to identify **MORENO, PARDO,** and **CABANAS** as the foot guides for his illegal entry on July 8, 2008 through the same area the defendants were arrested in.

Executed on July 13, 2008, at 10:30 a.m.

_____
Tomas M. Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 4 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **July 11, 2008** in violation of Title **8**, United States Code, Section **1324**.

_____        7/13/08 @ 11:10
Cathy A. Bencivengo                     Date/Time
United States Magistrate Judge